UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL FREE,<br><br>            Plaintiff,<br><br>   v.<br><br>DR. NADER PEIKAR, et al.,<br><br>            Defendants. | 1:17-cv-00159 MJS (PC)<br><br>**ORDER**<br><br>    **(1) DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM;**<br><br>    **(2) DENYING MOTION FOR COURT'S ASSISTANCE; AND**<br><br>    **(3) DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF Nos. 1, 9)**<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff is a federal prisoner proceeding pro se in a civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). Plaintiff, who has paid the filing fee in full, has consented to the jurisdiction of a magistrate judge.

Plaintiff's complaint is before the Court for screening. Also pending are Plaintiff's motion for Court's assistance to serve documents (ECF No. 9) and a motion for appointment of counsel (ECF No. 1).

**I.    Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any

1

portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. Plaintiff's Allegations

At all times relevant to this action, Plaintiff was a federal inmate housed at United States Penitentiary in Atwater, California ("USP-Atwater"). He names as Defendants Dr. Nader Peikar, Lourdes Mettri, Lisa Fuentes-Arce, and Mr. Tyson.

Plaintiff's allegations may be fairly summarized as follows:

Since Plaintiff was first incarcerated in 1994, sixteen basal cell carcinomas ("BCC") have been discovered on his body. Most of these occurred while Plaintiff was confined at USP-Atwater. Until 2014, they were diagnosed and treated in a timely manner. On January 10, 2014, an outside-treating physician diagnosed Plaintiff with a BCC on the lower right ear and recommended prompt treatment.

Plaintiff's allegations against the medical Defendants are bare: Dr. Peikar was aware of the treating doctor's recommendation and knew that the cancer was painful and spreading, but he denied and delayed treatment for over two years. Mettri was also aware of the BCC lesion and the recommendation of the examining specialist for immediate treatment, but she failed to schedule the treatment in a timely manner. Fuentes-Arce was a member of the Utilization Committee that continually denied Plaintiff immediate treatment. As a result of these repeated delays and denials of treatment, Plaintiff suffered pain and disfiguration as the cancer spread. He finally received a more invasive, injurious, and disfiguring surgery over two years after his diagnosis. Plaintiff attaches to the complaint approximately 90 pages of medical and administrative records.

Defendant Tyson failed to process Plaintiff's administrative grievance as required by institutional policy.

Plaintiff brings suit for deliberate indifference to his medical needs, intentional infliction of physical and emotional distress, and conspiracy. He seeks reconstructive surgery and damages.

**IV.     Discussion**

    **A.     Short and Plain Statement**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Plaintiff's bare allegations in the complaint fail to meet this minimum requirement since he does not state specifically **what**, **when**, or **how** each Defendant violated Plaintiff's rights. Although Plaintiff includes 90-pages of attachments, the Court declines to peruse them to

3

determine if they might contain facts in support of any of his claims. Even if the factual elements of a cause of action are present but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); cf. Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct").

Accordingly, Plaintiff's complaint will be dismissed with leave to amend. The Court will, however, provide the following legal standards that Plaintiff should consider if he chooses to file an amended complaint.

### B. Linkage and Supervisory Liability

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each Defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the Defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 695 (1978).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Monell, 436 U.S. at 691. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Iqbal, 556 U.S. at 676.

Liability may be imposed on supervisory defendants under § 1983 only if the supervisor: (1) personally participated in the deprivation of constitutional rights or directed the violations or (2) knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Defendants cannot be held liable for being generally deficient in their

supervisory duties.

### C. Exhaustion of Administrative Remedies

"The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." Ross v. Blake, 136 S. Ct. 1850, 1854-55 (June 6, 2016) (quoting 42 U.S.C. § 1997e(a)). However, "an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" Ross, at 1859 (quoting Booth v. Churner, 532 U.S. 731, 738 (2001)). Failure to exhaust is "an affirmative defense the defendant must plead and prove." Jones v. Bock, 549 U.S. 199, 204 (2007).

The Supreme Court has identified only "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." Ross, at 1859. These circumstances are as follows: (1) the "administrative procedure ... operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the "administrative scheme...[is] so opaque that it becomes, practically speaking, incapable of use ... so that no ordinary prisoner can make sense of what it demands;" and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1859-60 (citations omitted). Other than these circumstances demonstrating the unavailability of an administrative remedy, the mandatory language of 42 U.S.C. § 1997e(a) "foreclose[es] judicial discretion," which "means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." Ross, 136 S. Ct. at 1856-57.

In the Ninth Circuit, dismissal of a prisoner civil rights action for failure to exhaust administrative remedies must generally be decided pursuant to a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure. Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc). The only exception is "[i]n the rare event that a failure to exhaust is clear on the face of the complaint." Id. at 1166 (authorizing defendant to move

5

for dismissal pursuant to Fed. R. Civ. P. 12(b)(6)); see also Jones, 549 U.S. at 215 (exhaustion is not a pleading requirement but an affirmative defense that, if apparent on the face of the complaint, may support dismissal); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies."), overruled on other grounds by Albino, supra, 747 F.3d at 1166; Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) ("Because Vaden did not exhaust his administrative remedies prior to sending his complaint to the district court, the district court must dismiss his suit without prejudice.") (citing Wyatt, 315 F.3d at 1120).

### D. Eighth Amendment Medical Indifference

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "... embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).

A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

A claim of medical indifference requires: 1) a serious medical need, and 2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). A serious medical need may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id.; see also McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) ("The existence of an injury that a reasonable doctor or patient would find

important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

The deliberate indifference standard is met by showing: a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and b) harm caused by the indifference. Id. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson v. Cnty. of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002)). "[A]n inadvertent failure to provide adequate medical care" does not, by itself, state a deliberate indifference claim for § 1983 purposes. McGuckin, 974 F.2d at 1060 (internal quotation marks omitted); See also Estelle, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." McGuckin, 974 F.2d at 1060.

**E.     Conspiracy**

A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage. Gilbrook v. City of Westminster, 177 F.3d 839, 856 (9th Cir. 1999). "Conspiracy is not itself a constitutional tort under § 1983, and it does not enlarge the nature of the claims asserted by the plaintiff, as there must always

be an underlying constitutional violation." Lacey v. Maricopa Cnty., 693 F.3d 896, 935 (9th Cir. 2012) (en banc).

For a section 1983 conspiracy claim, "an agreement or meeting of minds to violate [the plaintiff's] constitutional rights must be shown." Woodrum v. Woodward Cnty., 866 F.2d 1121, 1126 (9th Cir. 1989). However, "[d]irect evidence of improper motive or an agreement to violate a plaintiff's constitutional rights will only rarely be available. Instead, it will almost always be necessary to infer such agreements from circumstantial evidence or the existence of joint action." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1302 (9th Cir. 1999). Therefore, "an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants." Id. at 1301.

### F. Inmate Appeal Process

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10. Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983. Buckley, 997 F.2d at 495.

### G. Intentional Infliction of Emotional Distress[1]

The elements of intentional infliction of emotional distress are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; (3) and actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Cervantez v. J.C. Penney Co., 24 Cal. 3d 579, 593 (1979). Conduct is outrageous if it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Id. The distress inflicted must be "of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." Fletcher v. W. Nat'l Life Ins. Co., 10 Cal. App. 3d 376, 397 (1970) (citation omitted). The courts have jurisdiction in California "to impose civil damages or other remedies against insurers in appropriate common law actions, based on such traditional theories as...infliction of emotional distress." Moradi-Shalal v. Fireman's Fund Ins. Cos., 46 Cal. 3d 287, 304-05 (1988).

## V. Motion for Court's Assistance

Plaintiff was previously informed that he is responsible for serving the Defendants in light of his payment of the filing fee. Plaintiff has now filed a motion for service forms and for the United States Marshal's assistance to effectuate service on the Defendants.

Generally, a plaintiff is responsible for serving the defendant with both a summons and complaint within the time permitted under Rule 4 of the Federal Rules of Civil Procedure. This rule provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "At the plaintiff's request the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the

---
[1] Plaintiff has also asserted a claim for intentional infliction of *physical* distress. There is no such claim, however, under California law.

9

court. The court must so order if the plaintiff is authorized to proceed in forma pauperis...." Fed. R. Civ. P. 4(c)(3).

Since Plaintiff is not proceeding in forma pauperis, he is not automatically entitled to the Marshal's assistance. His motion, therefore, relies on the Court's discretion to appoint a marshal for service. In situations such as these, "courts rarely order that service be made by a United States marshal when the plaintiff is not proceeding in forma pauperis or as a seaman." Holcomb v. California Board of Psychology, 2015 WL 6951731, at *1 (E.D. Cal. Nov. 10, 2015). The Advisory Committee Notes provide examples of situations where the Court should exercise its discretion in the plaintiff's favor. For instance, appointment is generally proper where a law enforcement presence appears to be necessary or advisable to keep the peace, or in actions brought by the United States. Adv. Comm. Note to 1993 Amendments. Some courts apply a "reasonableness" standard in determining whether to appoint the Marshal. See, e.g., Rose v. Abraham, 2008 WL 3540542, at *4 (E.D. Cal. Aug. 13, 2008). Other courts have used a "good cause" standard. See Harrison v. Adams, 2017 WL 469340, at *2 (E.D. Cal. Feb. 3, 2017).

Under either the good cause or reasonableness standard, Plaintiff's motion must be denied because he provides no basis for the Court to appoint the Marshal for service. In any event, the complaint is dismissed with leave to amend for failure to state a claim. There are thus no Defendants at this time for the Marshal to serve.

**VI.     Motion for Appointment of Counsel**

Plaintiff has requested the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

10

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. Id.

**VII. Conclusion**

Based on the foregoing, Plaintiff's complaint fails to state a claim and must be dismissed. If Plaintiff chooses to amend his complaint, he may not rely on the contents of his attachments. He must instead assert specific facts linking his allegations to particular Defendants, as discussed supra. A first amended complaint must state what each named Defendant did that led to the deprivation of his constitutional rights. Iqbal, 556 U.S. at 676-77. Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Plaintiff is also advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an "amended complaint supersedes the original" complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First

Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's February 6, 2017, Complaint (ECF No. 1) is dismissed with leave to amend;

2. Plaintiff's motion for appointment of counsel is DENIED;

3. Plaintiff's April 7, 2017, motion for Court's assistance (ECF No. 9) is DENIED;

4. Plaintiff shall file a First Amended Complaint within thirty days from the date of this Order; and

5. Plaintiff's failure to file an amended complaint within thirty days will result in the dismissal of this action without prejudice for failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

Dated: April 24, 2017         /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE