UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL FREE,<br><br>    Plaintiff,<br><br>v.<br><br>DR. NADER PEIKAR, et al.,<br><br>    Defendants. | 1:17-cv-00159 MJS (PC)<br><br>**ORDER DIRECTING PLAINTIFF TO SERVE DEFENDANTS DR. NADER PAIKAR, LOURDES METTRI, LISA FUENTES-ARCE, AND TYSON** |

    Plaintiff is a federal prisoner proceeding pro se in a civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971). Plaintiff has consented to the jurisdiction of a magistrate judge.

    On May 3, 2017, Plaintiff's First Amended Complaint was screened and found to state an Eighth Amendment medical indifference claim against Defendants Dr. Nader Peikar, Lourdes Mettri, Lisa Fuentes-Arce, and Mr. Tyson. (ECF No. 12.) All other claims were dismissed. Plaintiff was then directed to either file a notice of his willingness to proceed on the amended pleading as screened or file a second amended complaint. Plaintiff has now filed a notice of his willingness to proceed on the cognizable claims identified in his First Amended Complaint. (ECF No. 13.)

    Plaintiff, who has paid the filing fee in full, is now responsible for serving the Defendants with both a summons and his pleading within the time permitted under Rule 4 of the Federal Rules of Civil Procedure. This rule provides that:

1

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Accordingly, it is HEREBY ORDERED that Plaintiff shall proceed on his Eighth Amendment medical indifference claim against Dr. Peikar, Ms. Mettri, Ms. Fuentes-Arce, and Mr. Tyson. Plaintiff is directed to serve the Defendants within the time-frame prescribed by Rule 4(m).[1]

IT IS SO ORDERED.

Dated: June 12, 2017      /s/ *Michael J. Seng*
                                                            UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff previously sought the assistance of the United States Marshal to effectuate service on the Defendants. (ECF No. 9.) In denying his motion, the Court informed Plaintiff that he was not automatically entitled to the Marshal's assistance since he is not proceeding in forma pauperis. (ECF No. 12.) Instead, he was required to meet either a "reasonableness" or "good cause" standard for the court to appoint a marshal for service. He provided no basis for the appointment and so failed to meet either standard. In any renewed motion, Plaintiff must assert a sufficient rationale for the U.S. Marshal's assistance in serving the Defendants.