| | |
|---|---|
| PAUL FREE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR NADER PEIKAR, et al.,<br><br>　　　　Defendants. | CASE NO. 1:17-cv-00159-AWI-MJS(PC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**<br><br>(ECF No. 20) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

　　Plaintiff is a federal prisoner proceeding pro se in a civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971). The action proceeds on Plaintiff's Eighth Amendment medical indifference claim against Defendants Dr. Peikar, Ms. Mettri, Ms. Fuentes-Arce, and Mr. Tyson.

　　Before the Court is the Defendants' January 04, 2018 motion for a protective order, filed in conjunction with Defendants' motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 20; <u>see also</u> ECF No. 19.) Plaintiff filed no opposition and the time for doing so has passed.

　　The Defendants request that the Court stay all merits-based discovery in this

1

matter, except that pertaining to exhaustion, until the Court rules on Defendants' motion for summary judgment. The Defendants also request that responses to any pending discovery be served within thirty days after the District Judge issues a ruling on Defendants' Motion for Summary Judgment, to the extent that any claim remains.

The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue).

The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. Albino v. Baca, 747 F.3d 1162, 1170–71 (9th Cir. 2014) (en banc), cert. denied, 135 S.Ct. 403 (2014); see also Gibbs v. Carson, No. C–13–0860 THE (PR), 2014 WL 172187, at *2–3 (N.D. Cal. Jan. 15, 2014). The failure to exhaust is an affirmative defense, and Defendant is entitled to move for judgment on the issue. Albino, 747 F.3d at 1166.

The Court finds that judicial economy is best served by staying discovery until after the District Court rules on Defendants' pending motion (ECF No. 19) for summary judgment for failure to exhaust available administrative remedies. In addition, the deadline for responding to any pending discovery, except discovery pertaining to exhaustion, is extended until thirty days after the District Judge issues a ruling on Defendants' Motion for Summary Judgment.

Accordingly, this motion is GRANTED. All discovery except that pertaining to exhaustion is STAYED until the District Court rules on Defendants' motion for summary

judgment. The parties will have until thirty days after the District Judge issues a ruling on Defendants' Motion for Summary Judgment to respond to any currently pending discovery.

IT IS SO ORDERED.

Dated: March 20, 2018 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE