| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| PAUL FREE,<br><br>    Plaintiff,<br><br>v.<br><br>DR. NADER PEIKAR, et al.,<br><br>    Defendants. | CASE NO. 1:17-cv-00159-AWI-MJS (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS**<br><br>(ECF No. 32) |

Plaintiff is a federal prisoner proceeding pro se in a civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971).The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 23, 2017, Plaintiff's first amended complaint was screened and found to state an Eighth Amendment medical indifference claim against Defendants Peikar, Mettri, Fuentes-Arce, and Tyson. (ECF No. 12.) The remaining claims were not cognizable as pled. Plaintiff was ordered to file an amended complaint curing noted deficiencies, or to notify the Court of his willingness to proceed only on the cognizable claims. (<u>Id.</u>) On June 9, 2017, Plaintiff responded, stating his willingness to proceed only on the cognizable claims. (ECF No. 13.) He then was ordered to serve Defendants. (ECF No. 14.) Although the service order stated that Plaintiff's non-cognizable claims had been dismissed (ECF No. 14), the Court's prior screening was unclear in this regard (<u>see</u> ECF No. 12.) At most, the claims had been dismissed with leave to amend.

Nonetheless, the matter proceeded as though the non-cognizable claims had been dismissed with prejudice.

Peikar, Fuentes-Arce, and Tyson appeared in the action and answered the complaint.[1] (ECF No. 16.) They since have filed a motion for summary judgment for failure to exhaust administrative remedies, which remains pending. (ECF No. 19.)

On February 15, 2018, the Magistrate Judge re-screened Plaintiff's complaint, recognizing that a recent Ninth Circuit opinion, Williams v. King, 875 F.3d 500 (9th Cir. 2017), held that a magistrate judge does not have jurisdiction to dismiss claims with prejudice in screening prisoner complaints absent the consent of all parties, even if the plaintiff has consented to magistrate judge jurisdiction, as plaintiff had here. (ECF No. 32.) Concurrently, the Magistrate Judge issued findings and recommendations recommending that the undersigned dismiss the non-cognizable claims. (Id.) The parties were given fourteen days to file objections to those findings and recommendations. Plaintiff filed objections (ECF No. 34). No other objections were filed, and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court has conducted a de novo review of Plaintiff's case. Plaintiff's objections do not raise an issue law or fact. Plaintiff objects that his First Amendment retaliation claim should not be dismissed because the Ninth Circuit has supported First Amendment claims in Bivens actions. However, the Supreme Court recently noted that "expanding the Bivens remedy is now a disfavored judicial activity," Ziglar v. Abbasi, ---U.S. ----, 137 S.Ct. 1843, 1857 (2017) and the Ninth Circuit has thereafter declined to extend Bivens actions to claims brought under the First Amendment, see Vega v. United States, No. 13-35311, --- F.3d. ----, 2018 WL 740184, at *5 (9th Cir. Feb. 7, 2018). Nationwide, district courts seem to be in agreement that, post-Abbasi, prisoners have no right to bring a Bivens action for violation of the First Amendment. E.g., Muhhamad v. Gehrke,

---

[1] Mettri has not appeared and, by separate order, Plaintiff will be required to show cause why he should not be dismissed. See Fed. R. Civ. P. 4(m).

2018 WL 1334936, *4 (S.D. Ind. Mar. 15, 2018); Leibelson v. Collins, 2017 WL 6614102 *10-11 (S.D. W.V. Dec. 27, 2017); Andrews v. Minter, --- F.Supp.3d ----, 2017 WL 7688266, 2-5 (N.D. Ala. Aug. 25, 2017; see Borowski v. Mordino, 2017 WL 4683980, *1 (W.D. N.Y. Oct. 19, 2017) (refusing to extend Bivens to find a cognizable First Amendment claim regarding a custodial border stop).

Plaintiff also objects that he stated a cognizable conspiracy claim; however Plaintiff's assertion that discovery would reveal emails and phones calls wherein Defendants conspired to deprive him of healthcare appears to be based purely on speculation. The fact that Defendants worked together and were members of a "Utilization Committee" is not sufficient to show a meeting of minds to violate his constitutional rights. Plaintiff's remaining objections amount to disagreements with the law and do not raise an issue an issue of law or fact. Accordingly, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, it is HEREBY ORDERED that:

1. The findings and recommendations issued February 15, 2018 are adopted in full;
2. Plaintiff shall continue to proceed on his Eighth Amendment medical indifference claim against Defendants Dr. Peikar, Ms. Mettri, Ms. Fuentes-Arce, and Mr. Tyson;
3. Plaintiff's Federal Tort Claims Act claims are dismissed without prejudice for failure to exhaust; and
4. All other claims are dismissed with prejudice.

IT IS SO ORDERED.

Dated: March 30, 2018

SENIOR DISTRICT JUDGE

3