UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL FREE,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. NADER PEIKAR, et al.,<br><br>        Defendants. | CASE NO. 1:17-cv-00159-AWI-MJS(PC)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>(ECF No. 30)<br><br>**CLERK TO FILE SUR-REPLY (ECF No. 31) NUNC PRO TUNC**<br><br>**FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>(ECF No. 19)<br><br>**FOURTEEN-DAY DEADLINE** |

    Plaintiff is a federal prisoner proceeding pro se in a civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971). The action proceeds on Plaintiff's Eighth Amendment medical indifference claim against Defendants Dr. Peikar, Ms. Mettri,[1] Ms. Fuentes-Arce, and Mr. Tyson.

---

[1] Defendant Mettri has not appeared in the action and there is no record that she has been served. By separate order, Plaintiff has been ordered to show cause why she should not be dismissed. (ECF No. 41.)

1

Defendants Peikar, Fuentes-Arce, and Tyson have moved for summary judgment on the ground that Plaintiff failed to exhaust administrative remedies. (ECF No. 19.) Plaintiff opposes the motion. (ECF No. 22, 23, 25, 26.) Defendants replied. (ECF No. 27.) Plaintiff also moved for leave to file a sur-reply (ECF No. 30), and lodged his sur-reply with the Court (ECF No. 31).[2]

For the reasons set forth below, the undersigned will recommend that Defendant's motion for summary judgment be denied.

**I.     Leave to File Sur-reply**

Plaintiff seeks leave to file a sur-reply to address new arguments raised by Defendants in their reply to Plaintiff's claim that administrative remedies were effectively unavailable to him.

Absent leave of court, no briefing on Defendants' motion for summary judgment is permitted beyond the opposition and reply. Local Rule 230(*l*). The Court did not grant Plaintiff leave to file a sur-reply. Nonetheless, Defendants do not oppose his request. The Court will therefore grant the motion.

The Clerk of Court will be directed to file the sur-reply lodged at ECF No. 31 nunc pro tunc. The sur-reply has been considered here.

**II.    Plaintiff's Allegations**

Plaintiff's allegations may be summarized as follows:

On January 10, 2014, a dermatologist diagnosed Plaintiff with basal cell carcinomas ("BCC") on his right ear and recommended immediate treatment.

Despite this recommendation, Dr. Peikar, Plaintiff's treating physician, and Ms. Mettri delayed treatment for over two years, telling Plaintiff to "be patient" and repeatedly (and, presumably, falsely) informing him that he was scheduled for treatment. These Defendants were aware that the cancer on Plaintiff's ear was "increasingly painful" and "oozed a discharge." Plaintiff repeatedly asked for treatment. Their failure to provide

---

[2] Plaintiff also has filed a motion for summary judgment on the merits of his claim. (ECF No. 33.) That motion will be addressed in a separate order.

treatment during the two-year period caused Plaintiff severe pain as the cancer spread. Finally, on March 8, 2016, Plaintiff received surgery upon the order of a doctor who replaced Dr. Peikar. Because of the delay, the cancer had spread internally and laterally, and necessitated extensive surgery that left Plaintiff with a "horrible disfigurement" and partial loss of hearing and balance.

Plaintiff claims Ms. Fuentes-Arce denied treatment and, as a member of the Utilizations Committee, voted against treating Plaintiff's BCC.

Plaintiff's claims Mr. Tyson, as a member of the Utilizations Committee, also voted against treating Plaintiff's BCC.

### III. Factual Background Relating to Exhaustion

All facts reflected here are undisputed unless otherwise noted.

#### A. Administrative Remedy Request No. 842903

On November 16, 2015, Plaintiff submitted an informal grievance, Administrative Remedy Request No. 842903. (ECF No. 19-3 at 15.) Plaintiff's grievance stated, "I need surgery to remove skin cancers," and indicated that since January 10, 2014, Defendants Mettri and Peikar "have promised me treatment each week since then and have done nothing." (Id.)

Plaintiff then filed a formal grievance, Administrative Remedy Request No 842903 to BP-9, the first level of review, where it was reviewed by the Warden. (Id. ¶ 9.) Plaintiff requested treatment for the skin cancers on his face neck, right cheek, ears, and nose. (Id. at 18.) Plaintiff stated that he was being denied treatment, and was suffering pain and disfigurement. (Id.) Plaintiff received a first level response which indicated that a review of Plaintiff's records showed that Plaintiff had received treatment for his lesions and was currently scheduled for an appointment with a specialist. (Id. at 19.)

Defendants state that Plaintiff did not file a request to any further level of review for Remedy Request No. 842903. (Id. ¶ 10.) Plaintiff disputes this and states that he provided Defendant Tyson an appeal to BP-10, the second level for review, but this appeal was never processed. (ECF Nos. 23 at 2, 25 at 3-4.)

In this purported appeal, Plaintiff indicated that he was being denied treatment. (ECF No. 25 at 26.) Plaintiff further stated, "Being sent to 'Utilization Committee' to be approved for 'dermatology consult' to 'general surgeon' to 'otolaryngology' is causing me pain and suffering and horrible disfigurement." (Id.) Plaintiff stated that the actions and inaction of Defendants Peikar and Mettri were making him suffer needlessly. (Id.)

### B. Administrative Remedy Request No. 875480

On August 6, 2016, Plaintiff submitted an informal grievance, Administrative Remedy Request No. 875480. (ECF No. 19-3 at 22.) Plaintiff requested $1,000,000 in compensation for pain and disfigurement. (Id.) Plaintiff's complaint indicated that he had "repeatedly requested treatment and was told, each week for more than two (2) years: 'Be patient, you are scheduled for treatment,' by Ms. Mettri, Dr. Peikar or others." (Id.) Plaintiff received a response that provided a chronology of his treatment. (Id. at 23-24.)

On September 9, 2016, Plaintiff filed a formal grievance, Administrative Remedy Request No. 875480 to BP-9, the first level of review. (Id. ¶ 12.) Plaintiff reiterated his request for $1,000,000 in compensation for pain and disfigurement. (Id. at 27.) Plaintiff's request was rejected on the grounds that "compensation is sought thru the tort program. Request a tort form from your unit." (Id. at 25.)

Plaintiff states that he never received this rejection. (ECF No. 25 at 8.) Plaintiff indicates that he followed up with emails requesting updates, but did not receive any response. (Id.) Plaintiff further states that he was told in person by Defendant Tyson that his BP-9 was pending and that "it is futile to ask for money." (Id. at 9.)

Plaintiff did not file either a tort form or a request to any further level of review for Remedy Request No. 875480. (ECF No. 19-3 ¶¶ 13-14.) Plaintiff states that he inquired about this appeal and that he was told by Defendant Tyson that he should continue to wait for a response. (ECF No 25 at 8-9.)

**IV.     Legal Standards**

**A.     Summary Judgment Standards**

The court must grant a motion for summary judgment if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Material facts are those that may affect the outcome of the case. Anderson, 477 U.S. at 248. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. Id. at 248-49.

The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000); see Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'") (quoting Celotex, 477 U.S. at 325).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. Nissan Fire & Marine Ins. Co., Ltd., 210 F.3d at 1103. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. See Devereaux, 263 F.3d at 1076. If the non-moving party does not produce evidence to show a genuine issue of material fact, the moving party is entitled to judgment. See Celotex, 477 U.S. at 323.

Generally, when a defendant moves for summary judgment on an affirmative defense on which he bears the burden of proof at trial, he must come forward with evidence which would entitle him to a directed verdict if the evidence went uncontroverted at trial. See Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992). The failure to exhaust administrative remedies is an affirmative defense that must be raised in a motion for summary judgment rather than a motion to dismiss. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). On a motion for summary judgment for nonexhaustion, the defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Id. at 1172. If the defendant carries that burden, the "burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The ultimate burden of proof remains with the defendant, however. Id. If material facts are disputed, summary judgment should be denied, and the "judge rather than a jury should determine the facts" on the exhaustion question, Id. at 1166, "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue," Id. at 1170-71.

In ruling on a motion for summary judgment, inferences drawn from the underlying facts are viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. See Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge). Plaintiff's pleading is signed under penalty of

perjury and the facts therein are evidence for purposes of evaluating Defendant's motion for summary judgment.

**B.      Federal Bureau of Prisons Exhaustion Rules**

The Federal Bureau of Prisons ("BOP") has established an administrative remedy procedure through which an inmate can seek review of any complaint regarding any aspect of his imprisonment including security concerns. See 28 C.F.R. § 541.10; Nunez v. Duncan, 591 F.3d 1217, 1219 (9th Cir. 2010). As a first step, the prisoner ordinarily must seek to resolve the issue informally with prison staff using a BP-8 form. 28 C.F.R. § 542.13(a). If the informal complaint does not resolve the dispute, the prisoner can then file a formal administrative remedy request at the institution of confinement using a BP-9 form. 28 C.F.R. § 542.14(a). The BP-9 must be submitted within 20 calendar days following the date on which the basis of the grievance occurred, except where the prisoner demonstrates a valid reason for delay. 28 C.F.R. §§ 542.14(a), (b).

If the BP-9 request is denied by the warden, as a third step the prisoner may file an appeal with the Regional Director using a BP-10 form. 28 C.F.R. § 542.15(a); Nunez, 591 F.3d at 1219. The BP-10 must be submitted within 20 calendar days of the date the warden responded to the BP-9, with the exception again where there are valid reasons for delay. Id.

As a last step, where the prisoner is not satisfied with the Regional Director's response, he or she may submit an appeal to the BOP General Counsel using a BP-11 form. 28 C.F.R. § 542.15(a); Nunez, 591 F.3d at 1219-20. The BP-11 must be submitted within 30 calendar days of the date of the Regional Director's response to the BP-10, with the same exception for valid reasons for delay. 28 C.F.R. § 542.15(a); Nunez, 591 F.3d at 1220.

**C.      Exhaustion under Prison Litigation Reform Act ("PLRA")**

Under the PLRA, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available

are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002); Ross v. Blake, 136 S. Ct. 1850, 1856-57 (2016) (mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Section 1997e(a) requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 93 (2006). Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules." Id. at 90. To properly exhaust, an inmate must comply with the grievance procedures rule and deadlines of the institution where he is incarcerated. Jones v. Bock, 549 U.S. 199, 218 (2007).

Under the PLRA, a grievance "suffices if it alerts the prison to the nature of the wrong for which redress is sought." Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) (quoting Griffin, 557 F.3d at 1120). The grievance "need not include legal terminology or legal theories," because "[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). The grievance process is only required to "alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." Jones, 549 U.S. at 219 (citations omitted). The amount of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures. Jones, 549 U.S. at 218; see also Sapp, 623 F.3d at 824 ("To provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations.").

The Ninth Circuit has recognized that the PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable." See Sapp, 623

F.3d at 824; Nunez, 591 F.3d at 1226. An inmate may be excused from exhaustion if he establishes (1) that he actually filed a grievance that, if pursued through all levels of administrative appeals, would exhaust the claim, and (2) that prison officials screened his grievance for reasons inconsistent with or unsupported by applicable regulations. Sapp, 623 F.3d at 823-24.

Prison officials may not render the appeals process unavailable through error or misconduct and then take advantage of the prisoner's failure to complete the process. See Sapp, 623 F.3d at 823 (improper screening and/or processing of an inmate's administrative grievance "renders administrative remedies 'effectively unavailable'") (internal citations omitted). "[A]ffirmative actions by jail staff preventing proper exhaustion, even if done innocently, make administrative remedies effectively unavailable." Albino, 697 F.3d at 1034. See also McBride v. Lopez, 807 F.3d 982, 984 (9th Cir. 2015) (finding that a threat can render an administrative remedy unavailable).

Exhaustion of administrative remedies may be deemed complete, despite the inmate's failure to comply with a procedural rule, if prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process. Reyes v. Smith, 810 F.3d 654, 658 (9th Cir. 2016); e.g., Id. at 659 (although inmate failed to identify the specific doctors, his grievance plainly put prison on notice that he was complaining about the denial of pain medication by the defendant doctors, and prison officials easily identified the role of pain management committee's involvement in the decision-making process).

**V.     Analysis**

Defendants move for summary judgment on the ground that Plaintiff did not exhaust his claims. Defendants argue that Plaintiff pursued no administrative remedy to the final level of review as required under BOP regulations. Defendants evidence is consistent with this argument.

Plaintiff acknowledges that he pursued no grievance to the final level of review.

Thus, the undisputed evidence shows that the BOP provides an administrative remedies system for federal prisoners to complain about their health care, that Plaintiff used that system to complain about his care, but that he pursued none of those appeals to the final level of review. Defendants have thus carried their burden to demonstrate that there were available administrative remedies for Plaintiff and that Plaintiff did not properly exhaust those available remedies.

Since Defendants met this initial burden, the burden shifts to Plaintiff to come forward with evidence that something in his particular case made the existing administrative remedies effectively unavailable to him. See Albino, 747 F.3d at 1172. Plaintiff argues that remedies were effectively unavailable to him because attempting to exhaust would have been futile as no monetary remedy was available to him. Plaintiff also argues, in regards to both Administrative Remedy No. 842903 and Administrative Remedy No. 875480 that he was unable to exhaust his administrative remedies because he did not receive a response from prison officials.

In regards to Plaintiff's first argument, the fact that monetary compensation was not an available remedy does not indicate that remedies were effectively unavailable. See Booth, 532 U.S. at 739 (holding that procedural exhaustion is required "regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible"). Petitioner is required to exhaust "irrespective of the forms of relief sought and offered through administrative avenues." Id. at 741 n.6.

Plaintiff next argues that he attempted to exhaust his remedies but was unable to do so because he did not receive a reply to his Administrative Remedy Requests. The Court will consider this argument as to of the two grievances.

Plaintiff states that after he received the BP-9 response for Administrative Remedy No. 842903, he gave Defendant Tyson an appeal to BP-10 but never received a response. The BOP database submitted by Defendants, which purportedly shows Plaintiff's appeal history, does not contain any entry for this alleged appeal. (See ECF No. 19-3.) The copy of this purported appeal supplied by Plaintiff does not have a receipt

stamp or anything else to indicate it was received. (See ECF No. 25 at 26.) Thus, there is a dispute of fact as to whether Plaintiff attempted to pursue this grievance. In regards to Administrative Remedy No. 875480 Plaintiff claims that he never received a response to his appeal to BP-9 and was verbally told by prison officials to wait for a response. It is unclear whether Defendants dispute Plaintiff's claim that he was told to wait for a response to this grievance.

In some circumstances, prison officials' failure to respond to a grievance may demonstrate that no administrative remedy is available, and hence may excuse a failure to exhaust. See Sapp, 623 F.3d at 822 (dictum; citing Dole v. Chandler, 438 F.3d 804, 811 (7th Cir. 2004)); Brown v. Valoff, 422 F.3d 926, 943 n.18 (9th Cir. 2005) (delay in response to grievance, particularly a time-sensitive grievance, may show unavailability of administrative remedy).

Here, however, BOP regulations provide that, if "the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Thus, the failure of BOP officials to respond on time does not, by itself, cause an inmate harm or prevent him from accessing the administrative grievances system. See Schwarz v. Meinberg, No. CV 13-00356-BRO (PLAx), 2016 U.S. Dist. LEXIS 149237, at *36 (C.D. Cal. Oct. 11, 2016) (finding that lack of response by BOP officials did not render remedies effectively unavailable); Jackson v. Stringer, No. EDCV 15-02565-DMG (KES), 2017 U.S. Dist. LEXIS 121069, at *9-10 (C.D. Cal. May 5, 2017) (finding that the lack of response to BP-9 did not render remedies effectively unavailable because "[p]laintiff could have continued to pursue his remedies by filing a BP-10 form, but he did not."); Douglas v. Johns, 2011 U.S. Dist. LEXIS 58871, 2011 WL 2173627, at *2 (E.D.N.C. June 2, 2011) (Regional Director's failure to respond to grievance did not excuse exhaustion; under section 542.18 "plaintiff should have treated the lack of response as a denial of his request, and was obligated to appeal that denial to the next level of the administrative process in order to properly exhaust his remedies").

Plaintiff's purported appeal to BP-10 for Administrative Remedy No. 842903 provides a different case. This purported appeal was never received or logged into the BOP database. Thus, the timelines indicated in section 542.18 were never triggered. Defendants do not identify any BOP regulation which instructs an inmate what to do when an appeal, though submitted, was never logged or filed. Therefore, Plaintiff had no way of knowing when he was required to submit an appeal to a higher level and hence exhaustion was excused. See Arnett v. Shojaie, No. CV 10-6814-JAK(E), 2011 U.S. Dist. LEXIS 129661, at *31 (C.D. Cal. Nov. 8, 2011) (finding on similar facts that the lack of response to a plaintiff's purported appeal of which there was no record meant that remedies were effectively unavailable) see also Hicks v. Irvin, 2010 U.S. Dist. LEXIS 68262, 2010 WL 2723047 (N.D. Ill. July 8, 2010) (finding that a prisoner was excused from exhaustion when there was no receipt for his appeal because under section 542.18 the receipt is what "starts the clock ticking" and thus without the receipt the plaintiff had no way of knowing when he must file the appeal). Furthermore, Defendants provide nothing to suggest that a grievance at BP-11 would be accepted where no grievance at BP-10 has been received. Additionally, Plaintiff's assertion that he gave this grievance to Tyson but that it was never submitted is sufficient to suggest that prison officials interfered with its processing. Sapp, 623 F.3d at 822-24 (remedies effectively unavailable where plaintiff was prevented from exhausting because procedures for processing grievances were not followed). Thus, Plaintiff's assertion that he submitted an appeal to BP-10 for Administrative Remedy No. 842903 is sufficient to raise a factual question as to whether administrative remedies were effectively unavailable.

In regards to Administrative Remedy No. 875480, Plaintiff's statement that he received no response to his appeal t, standing alone, is not sufficient to excuse his lack of exhaustion in relation to this appeal. However, Plaintiff claims that Defendant Tyson repeatedly told him to wait for a response to this grievance and that pursuit of the grievance was futile. See Sapp v. Kimbrell, 623 F.3d 813, 822-24 (9th Cir. 2010) (administratively remedies may be rendered effectively unavailable where prison officials

obstruct attempts to exhaust); Ross v. Blake, 136 S. Ct. 1850, 1859-60 (June 6, 2016) (holding that administrative remedies may be rendered effectively unavailable where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation"). Viewing the facts in the light most favorable to Plaintiff and drawing all inferences in his favor, the Court cannot say that no reasonable juror could find other than for Defendants on the question of whether remedies were effectively unavailable.

Here, Plaintiff's grievances, if properly pursued, would be sufficient to exhaust his claims against Defendants Peikar and Mettri. See generally Jones, 549 U.S. at 221-24 (exhaustion is considered on a claim-by-claim basis). There may be some question as to whether Plaintiff's purported BP-10, which references the "Utilization Committee," would be sufficient to exhaust administrative remedies as to Defendants Peikar and Mettri if it had been properly pursued. See Reyes v. Smith, 810 F.3d 654 (2016) (holding that reference to pain management committee was sufficient to exhaust claims as to individual members of that committee). However, Defendants have not presented any argument in this regard. As they bear the burden of persuasion on this defense, the Court will not address this issue sua sponte. Accordingly, Defendant's motion for summary judgment should be denied.

**VI. Conclusion**

As stated above, disputes of fact preclude the Court from concluding that administrative remedies were not effectively unavailable to Plaintiff. In such circumstances, Defendants are entitled to an evidentiary hearing to resolve disputed factual issues. See Albino, 747 F.3d at 1170. Here, however, Defendants have not requested an evidentiary hearing and therefore the Court will not recommend that one be held. If Defendants wish to pursue this defense, they may request an evidentiary hearing by filing objections to these findings and recommendations.

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendants' motion for summary judgment for failure to exhaust administrative remedies be DENIED.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: April 11, 2018 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE