1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

8
9
10

11 | PAUL FREE,

12 |          Plaintiff,

13 |          v.

14 | DR. NADER PEIKER, et al.,

15 |          Defendants.

Case No.: 1:17-cv-00159 AWI JLT

ORDER DENYING REQUEST TO CONTINUE THE EVIDENTIARY HEARING WITHOUT PREJUDICE (Doc. 57)

ORDER GRANTING REQUEST TO WITHDRAW MOTION TO FILE UNDER SEAL (Docs. 36, 55)

16
17      Recently, the Court set an evidentiary hearing on June 25, 2018 to assist it in evaluating the

18 credibility of the claim that the grievance system was unavailable to the plaintiff (Doc. 51)  The

19 plaintiff now seeks a four-month continuance of the hearing to allow him to,

20      seek subpoenas for inmate witnesses who witnessed Defendant Tyson tell Free that his
administrative remedies were still pending and that Free needed to wait to file to the

21      next level remedy until he received a response back which, by prison policy, had to be
attached or it wouldn't be accepted at the next higher level. Also, Free must subpoenae

22      prison staff members who can testify that inmates are routinely told that they cannot
file to the next level of the administrative remedy process until they have an answer to

23      attach to the current level remedy; as well as inmates who have had administrative
remedy appeals denied and returned though they specifically quoted 28 CFR § 542.18

24      as the reason for not attaching the response below.[1]

25
26 (Doc. 57)  Notably, Mr. Free fails to identify any of the witnesses he wishes to testify at the hearing or

what each person is expected to say.

27
28

---

[1] Mr. Free also claims that the hearing needs to wait until he gathers sufficient information to serve Lourdes Mettri. Id. However, service on Ms. Mettri does not bear on the issues for the evidentiary hearing.

In a separate motion, Mr. Free seeks to withdraw his earlier motion to file his documents under seal (Doc. 36). (Doc. 57)  Thus, the Court **ORDERS**:

1. The request to continue the evidentiary hearing is **DENIED without prejudice**;

2. **Within 10 days**, Mr. Free may file a request to have his inmate-witnesses transported to, or made available for, the evidentiary hearing.  To do so, he **SHALL** identify each inmate by name and, if possible, by BOP inmate number, and identify where each is housed.  In addition, he **SHALL** describe what he expects each witness to say, why he thinks the witnesses will say this and how he knows that the witnesses will say this, if called to testify;

3. **Within 10 days**, Mr. Free may file a request to have BOP Correctional Staff available for testimony.  He **SHALL** identify each staff member by name or by other identifying information and describe what he expects each witness to say, why he thinks the witnesses will say this and how he knows that the witnesses will say this, if called to testify;

4. The request to withdraw the motion to file documents under seal[2] (Doc. 57) is **GRANTED**;

5. The Court requests the Litigation Coordinator provide Mr. Free a copy of this order as soon as possible.  Thus, though the Clerk of the Court will serve Mr. Free by mail, the Clerk is DIRECTED also to fax or email this order to the Litigation Coordinator at Mr. Free's place of incarceration for earlier delivery to him.

IT IS SO ORDERED.

Dated:  **May 31, 2018**                            **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[2] Consequently, the motion at docket entry 36 should be terminated.