UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL FREE,<br><br>               Plaintiff,<br><br>    v.<br><br>DR. NADER PEIKAR, et al.,<br><br>               Defendants. | 1:17-cv-00159 AWI JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF NO. 33)**<br><br>**FOURTEEN-DAY DEADLINE** |

      This matter proceeds against defendants Dr. Peikar, Ms. Mettri[1], Ms. Fuentes-Arce, and Mr. Tyson on Eighth Amendment medical indifference claims. Pending before the Court is plaintiff's February 26, 2018, motion for summary judgment, which is based on the appearing defendants' alleged failure to timely respond to plaintiff's Request for Admissions and First Set of Interrogatories. Defendants oppose the motion. Because discovery has been stayed in this action and plaintiff's summary judgment motion is procedurally deficient, the Court will recommend that plaintiff's motion be denied without prejudice.

////

////

////

---

[1] Defendant Mettri has not appeared in the action and there is no record that she has been served. By separate order, Plaintiff has been ordered to show cause why she should not be dismissed. (ECF No. 41.) In response, plaintiff contends he is in the process of obtaining Ms. Mettri's whereabouts through a discovery request currently pending before the defendants. (ECF No. 56.)

1

## I. Plaintiff's Allegations

Plaintiff alleges as follows in the first amended complaint:

On January 10, 2014, a dermatologist diagnosed plaintiff with basal cell carcinomas ("BCC") on his right ear and recommended immediate treatment. Despite this recommendation, Dr. Peikar, plaintiff's treating physician, and Ms. Mettri delayed treatment for over two years, telling plaintiff to "be patient" and repeatedly (and, presumably, falsely) informing him that he was scheduled for treatment. These defendants were aware that the cancer on plaintiff's ear was "increasingly painful" and "oozed a discharge." Plaintiff repeatedly asked for treatment. Their failure to provide treatment during the two-year period caused plaintiff severe pain as the cancer spread. Finally, on March 8, 2016, plaintiff received surgery upon the order of a doctor who replaced Dr. Peikar. Because of the delay, the cancer had spread internally and laterally, and necessitated extensive surgery that left plaintiff with a "horrible disfigurement" and partial loss of hearing and balance.

Plaintiff claims Ms. Fuentes-Arce denied treatment and, as a member of the Utilizations Committee, voted against treating plaintiff's BCC. Plaintiff claims Mr. Tyson, as a member of the Utilizations Committee, also voted against treating plaintiff's BCC.

## II. Relevant Background

### A. Case Background

Plaintiff, a federal prisoner, initiated this action on February 6, 2017, pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971). Plaintiff proceeds on a first amended complaint filed on May 15, 2017, against Dr. Peikar, Ms. Mettri, Ms. Fuentes-Arce, and Mr. Tyson. All other claims have been dismissed. (<u>See</u> ECF No. 42.)

On October 4, 2017, a Discovery and Scheduling Order issued setting June 4, 2018, for the discovery deadline. (ECF No. 18.)

On December 21, 2017, defendants filed a motion for summary judgment for failure to exhaust administrative remedies, and on January 4, 2018, an accompanying motion to stay discovery pending resolution of their summary judgment motion. (ECF Nos. 19-20.) Defendants' motion to stay was granted on March 21, 2018, and all discovery except that pertaining to

2

exhaustion was stayed until the district judge ruled on defendants' motion for summary judgment. (ECF No. 40.)

On April 11, 2018, the previously-assigned magistrate judge issued findings and recommendations to deny defendants' motion for summary judgment on the ground that there existed a dispute of material fact as to whether administrative remedies were effectively unavailable to plaintiff. (ECF No. 45.) Defendants then requested an evidentiary hearing to resolve this dispute, and a hearing is set onJune 25, 2018. (ECF No. 51.)

### B. Discovery Background

On November 20, 2017, plaintiff mailed his Request for Admissions to defense counsel, and a return receipt from the United States Postal Service shows that the Office of the United States Attorney received a mailing on November 27, 2017. See Pl.'s Mot. Summ. J. at 1, Attach. (ECF No. 33 at 8-15). On December 7, 2017, plaintiff mailed his First Set of Interrogatories to Dr. Peikar, and a return receipt from the United States Postal Service shows that the Office of the United States Attorney received a mailing on December 11, 2017. See id. When plaintiff did not receive a response to either set of discovery requests, he filed the instant motion for summary judgment on February 26, 2018. (ECF No. 33.)

Defendants admit that they received plaintiff's First Set of Interrogatories directed to Dr. Peikar, but they deny that they received plaintiff's Request for Admissions. See Decl. of Benjamin E. Hall in Opp'n to Pl.'s Mot. Summ. J. (ECF No. 39) ¶ 2.

### III. Legal Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that could affect the outcome of the action, and a genuine issue is one for which a reasonable jury could find in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). It can satisfy that burden by presenting evidence that negates an essential element of the non-moving party's case or demonstrating that the non-moving party cannot produce evidence to

support an essential element for which it will bear the burden of proof at trial. Id. Once the moving party meets its burden, the burden shifts to the non-moving party to "designate specific facts showing that there is a genuine issue [of material fact] for trial." Id. at 324.

"Even when a summary judgment motion is unopposed, a district court must determine whether summary judgment is appropriate—that is, whether the moving party has shown itself to be entitled to judgment as a matter of law." McClintock v. Colosimo, Civ. No. 2:13–264 TLN DB, 2017 WL 1198653, at *1 (E.D. Cal. Mar. 31, 2017) (citations and internal quotations omitted.) "A court 'need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials.'" Leramo v. Premier Anesthesia Med. Grp., No., Civ. No. 09–2083 LJO JLT, 2011 WL 2680837, at *8 (E.D. Cal. July 8, 2011) (quoting United States v. One Piece of Real Prop., etc., 363 F.3d 1099, 1101 (11th Cir. 2004)).

Under Federal Rule of Civil Procedure 36, "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Once admitted, the matter "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

A party's unanswered requests for admission may be relied upon in granting summary judgment. See, e.g., O'Campo v. Hardisty, 262 F.2d 621, 623-24 (9th Cir. 1958) (affirming summary judgment based on unanswered requests for admissions); Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007) ("Unanswered requests for admissions may be relied on as the basis for granting summary judgment.").

**IV.    Discussion**

Plaintiff relies on the defendants' failure to respond to his discovery requests to establish that they are liable on plaintiff's medical indifference claims. Defendants oppose the motion on the grounds that they never received plaintiff's Request for Admissions and discovery has been stayed in this action pending resolution of their motion for summary judgment for failure to exhaust administrative remedies.

4

On review, the undersigned concludes that plaintiff's motion for summary judgment should be denied for two reasons. First, discovery has been stayed in this action unless it relates to the pending motion for summary judgment for failure to exhaust administrative remedies. While the defendants' responses were ostensibly due before their motion to stay was granted[2], the goal of efficiency for the court and the litigants weighs in favor of denying plaintiff's motion until resolution of the defendants' summary judgment motion.

Next, plaintiff has not complied with the procedural requirements for filing a summary judgment motion. Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 260, a party moving for summary judgment must (a) identify each claim on which summary judgment is sought, (b) "show[]" that summary judgment is warranted, (c) include a separate statement of undisputed facts, and (d) attach any evidentiary documents to the moving papers. See Fed. R. Civ. P. 56(a), (c); E.D. Cal. Local Rule 260(a). Plaintiff here has not identified any claims or submitted any legal argument in support of his motion, has not included a separate statement of undisputed facts, and has not submitted any documentary evidence despite relying on and referencing numerous medical and prison records. Plaintiff's motion, which includes merely a one-page request for summary judgment with attachments of his propounded discovery, is procedurally deficient.

## IV. Conclusion

Based on the foregoing, the Court RECOMMENDS that plaintiff's motion for summary judgment (ECF No. 33) be DENIED without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections

---

[2] Defendants claim they were unaware of the Request for Admissions until plaintiff filed the instant motion, but plaintiff referenced the Request in his January 19, 2018, statement of non-opposition to defendants' motion to stay discovery. See Pl.'s Statement of Non-Opp'n (ECF No. 24). There, plaintiff specifically excluded responses to the Request and the First Set of Interrogatories from his non-opposition. See id. Defendants were thus aware– or should have been –of plaintiff's propounded discovery at that time.

within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 7, 2018**              **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE