UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL FREE,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. NADER PEIKAR, et al.,<br><br>        Defendants. | 1:17-cv-00159 AWI JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO CANCEL EVIDENTIARY HEARING**<br><br>**(ECF NO. 60)** |

This matter is set for an evidentiary hearing on June 25, 2018, to assist the Court in evaluating the credibility of plaintiff's claim that the grievance system was unavailable to him, so that he was excused from exhausting his administrative remedies. Plaintiff now seeks to have the hearing cancelled and to have the Court dismiss defendants' motion for summary judgment. (ECF No. 60.) This motion is premised on plaintiff's claim that, (a) the hearing is moot and (b) the undersigned lacks jurisdiction to grant the defendants' request for an evidentiary hearing. Neither of these arguments are grounds to cancel the hearing, and therefore plaintiff's motion will be denied.

**I.    Relevant Procedural Background**

Plaintiff is a federal prisoner who initiated this action on February 6, 2017, pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). He proceeds on a first amended complaint filed on May 15, 2017, against Dr. Peikar, Ms. Mettri, Ms. Fuentes-Arce, and Mr. Tyson.

On December 21, 2017, defendants filed a motion for summary judgment for failure to

exhaust administrative remedies. (ECF No. 19.)

On April 11, 2018, Magistrate Judge Michael J. Seng issued findings and recommendations to deny defendants' motion for summary judgment on the ground that there existed a dispute of material fact as to whether the administrative remedies were effectively unavailable to plaintiff. (ECF No. 45.) In the order, Judge Seng noted that the defendants were entitled to seek an evidentiary hearing in their objections to his order. (Id. at 13) Then, the case was reassigned to the undersigned due to the retirement of Judge Seng. (ECF No. 48.)

Following reassignment, defendants filed objections to the findings and recommendations requesting, in part, an evidentiary hearing on the question of whether remedies were unavailable to plaintiff. (ECF No. 49.) On review, the undersigned vacated the findings and recommendations and set this matter for an evidentiary hearing for June 25, 2018. (ECF No. 51.)

## II. Discussion

Plaintiff moves to vacate the evidentiary hearing and deny defendants' summary judgment on two grounds. First, he argues that the hearing is moot because any attempt by him to exhaust administrative remedies would have been moot in light of prison policy to not award damages. Second, he argues that the undersigned did not have jurisdiction to vacate the previously-assigned magistrate judge's findings and recommendations.

Turning first to plaintiff's mootness argument, plaintiff relies on several cases to argue that any failure on his part to exhaust administrative remedies must be excused because the pursuit of those remedies would have been futile since he was requesting only money damages. This argument is clearly foreclosed, however, by Booth v. Churner, 532 U.S. 731, 734 (2001), which specifically answered in the affirmative "whether an inmate seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated." In other words, the Prison Litigation Reform Act "mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Id. at 741. The cases cited to by plaintiff do not alter this conclusion because they either pre-date Booth or they are habeas corpus cases, which are not subject to the Prison Litigation Reform Act's exhaustion requirement. See Washington v. Los Angeles Cnty Sheriff's Dep't, 833 F.3d 1048, 1057 (9th Cir.

Aug. 12, 2016).

Next, plaintiff argues that the undersigned lacked jurisdiction to vacate Judge Seng's findings and recommendations, apparently on the ground that the referral order directed the undersigned to conduct "all *further* proceedings" (emphasis added), implying that this court may not modify any orders issued *before* the reassignment. Plaintiff cites to no legal authority for this position, namely, that a newly-assigned judge may not modify orders issued before the assignment. Additionally, the doctrine of stare decisis that he references in passing is inapplicable. That doctrine provides that "[i]f a court must decide an issue governed by a prior opinion that constitutes binding authority, the later court is bound to reach the same result, even if it considers the rule unwise or incorrect. Binding authority must be followed unless and until overruled by a body competent to do so." Hart v. Massanari, 266 F.3d 1155, 1170 (9th Cir. 2001). The previously-issued findings and recommendations in this case do not constitute "binding authority."

To the extent plaintiff intended to reference the law of the case doctrine, that doctrine provides that a court should not revisit its own decisions unless extraordinary circumstances show that its prior decision was wrong. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988). Here, Judge Seng specifically advised the defendants that they may file a request for an evidentiary hearing if they disagreed with the findings and recommendations. (See ECF No. 45 at 13.) There was, therefore, no modification of any law of the case so much as a response to Judge Seng's directive to the defendants. See also Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014 (en banc) (disputes of material fact on a motion for summary judgment for failure to exhaust administrative remedies should be decided at an evidentiary hearing).

///
///
///
///
///
///

3

**III. Conclusion**

Based on the foregoing, the Court **ORDERS:**

1. Plaintiff's motion to cancel evidentiary hearing and dismiss defendants' motion for summary judgment (ECF No. 60) is **DENIED**.

IT IS SO ORDERED.

Dated: **June 11, 2018**      **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE