# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL FREE,<br><br>        Plaintiff,<br><br>        v.<br><br>DR. NADER PEIKER, et al.,<br><br>        Defendants. | Case No.: 1:17-cv-00159 AWI JLT<br><br>ORDER DENYING REQUEST FOR INMATE WITNESSES (Doc. 62)<br><br>ORDER REQUIRING PRODUCTION OF CERTAIN DOCUMENTS AT THE EVIDENTIARY HEARING<br><br>ORDER REQUIRING THE DEFENDANT TO FILE A REPORT (Doc. 64) |

    Recently, the Court set an evidentiary hearing on June 25, 2018 to assist it in evaluating the credibility of the claim that the grievance system was unavailable to the plaintiff (Doc. 51). Mr. Free now seeks to have inmate witnesses transported to the hearing (Doc. 62) and seeks to have the Court issue a subpoena duces tecum to BOP employee Tyson (Doc. 64). In addition, he has filed a witness list and Court presumes Mr. Free would like to have these BOP employees present at the hearing (Doc. 64).

    **I.    Inmate Witnesses**

    Mr. Free seeks to have several inmate-witnesses available for testimony at the hearing. (Doc. 62) Mr. Free reports that Chester Blum, J.C. Collins and Corvain Cooper will testify that BOP employees, "frequently fail to properly process administrative remedies but yet inform the inmate to "be patient . . . you must wait for a response and attach that response to any higher-level appeal." (Doc. 62) Mr. Free says that Jerry Whitworth will testify that "he saw Plaintiff Free hand Mr. Tyson

the administrative remedies in question" and that Whitworth advised plaintiff to make copies before submitting them. Id. He says also that Whitworth has personal knowledge that BOP employees have a practice of failing to process grievances properly and for telling inmates to wait for the results. Id.

The plaintiff claims that Chester Blum will also testify that "he saw Plaintiff Free hand the administrative remedies in question to counselors Bollinger and Boudreau." Id. The plaintiff says that Donavan Slagg will testify that "he has had administrative remedies never answered" and Slagg, J.C. Collins and Corvain Cooper will testify that BOP officials tell inmates to "be patient" and "wait for a response before you can appeal to a higher level because the response must be attached to the higher-level appeal." Id.

The plaintiff has failed to demonstrate that any of the witnesses would be helpful to a determination of the issues. First, the plaintiff, presumably, will testify that he submitted "the administrative remedies in question." As an aside, the plaintiff fails to demonstrate how either Whitworth or Blum knew what it was that the plaintiff handed Tyson, Bollinger or Boudreau. Even if they read the documents before the plaintiff handed them to Tyson, Bollinger or Boudreau, their testimony adds nothing and just duplicates what the plaintiff will say.

Second, the fact that the inmate witnesses have had experience with "BOP officials" in which their grievances were not "properly processed" or that they were told to "be patient" and to "wait for a response," fails to demonstrate any sort of a practice or policy in light of the sheer number of inmates who have submitted grievances and would not be admissible under Fed. R. Evid. 404(b)[1]. If they intend to testify about the experience of other inmates in addition to their own, this testimony would be inadmissible hearsay. The issue here is what the plaintiff did and the treatment he experienced in the administrative process and not what other inmates did or experienced related to their administrative remedies.

Thus, the Court finds that even if the witnesses have personal knowledge sufficient to provide them a basis to testify and would testify as set forth, this testimony would not advance the issues. Consequently, the request to have these inmate-witnesses present at the hearing is **DENIED**.

///

---

[1] This presumes their experience is with Tyson, Bollinger or Boudreau. Given the plaintiff does not assert that it is, the Court is uncertain whether their experience was with other BOP staff members. In this latter situation, the evidence would be irrelevant to the issues to be decided.

## II. Documents

The plaintiff seeks copies of two categories of documents: all emails he sent to USP Atwater staff between July 1, 2015 and February 1, 2017 and the names of all inmates who have used the grievance system to complain that their grievances were not properly processed. As to the emails, the Court agrees that emails the plaintiff sent related to grievances 842903 or 875480 may bear on the issues. However, emails on different topics are not relevant. Also, those emails sent before November 25, 2015, when the plaintiff claims he submitted his BP-10 in 842903 are not pertinent.

On the other hand, the complaints of other inmates that their grievances were not processed properly, cannot shed any light on the issues before the Court. The suggestion that because others suffered improper processing of their grievances that the plaintiff must have too, is a logical fallacy. Rather, the experience of other inmates with other BOP staff members at other times, does not suggest anything about what happened in this case.

Moreover, even if the Court *was* permitted by the rules of evidence to consider this information—and it is not—this evidence could only be understood in context if the Court considered *all* of the inmate grievances. For example, 100 improperly processed grievances out of 200, could be significant though 100 improperly processed grievances out of 10,000 or 100,000, would not be. Absent the comparative data, mere information about those who complain tells the Court little about whether there is a problem and nothing about whether Mr. Free encountered a problem. Thus, this evidence need not be produced.

## III. BOP Staff Members

The plaintiff has filed a list of witnesses for the evidentiary hearing (Doc. 63) He does not ask the Court to take any action related to the list but the Court presumes he is requesting the Court require these witnesses to be present at the hearing.

It appears to the Court that Mr. Tyson's presence would be beneficial to the process. Because the defendant has the burden of demonstrating that the grievance process was not unavailable to Mr. Free and the plaintiff claims that Mr. Tyson interfered with this process, the Court presumes that Mr. Tyson will be present at the hearing.

On the other hand, the Court does not see how Mr. Bollinger or Mr. Boudreau could assist in the determination of the issues. The plaintiff reports that Mr. Bollinger and Mr. Boudreau would

testify about events that occurred before the BOP claims it rejected the BP-9 in Administrative Remedy No. 875480. The BOP claims it rejected the BP-9 on September 9, 2016 (Doc. 19-3 at 5, 25) and Mr. Free claims he inquired about his BP-9 to Bollinger and Boudreau on August 28, 2016 and August 31, 2016, respectively. (Doc. 63) Thus, their testimony could not assist the Court in determining whether the plaintiff submitted his BP-10.

Thus, the Court **ORDERS:**

1. The request for the transportation of inmate witnesses for the evidentiary hearing is **DENIED**;
2. Counsel for the defendant **SHALL** produce to the plaintiff at the evidentiary hearing, any emails the plaintiff sent related to his administrative remedies between November 25, 2015 and February 1, 2017. Alternatively, no later than June 21, 2018, counsel for the defendants **SHALL** file a report detailing why the emails will not be produced;
3. **No later than June 21, 2018**, counsel for the defendant **SHALL** file a report indicating whether Mr. Tyson will appear without a subpoena at the evidentiary hearing currently set on June 25, 2018.

IT IS SO ORDERED.

Dated: **June 15, 2018**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE